[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5433-FF
The plaintiffs filed this action for damages for injuries alleged to have been sustained when the plaintiff Norman Rivera was sent to repair a broken telephone drop line and, while so doing, came into contact with a power line erected, maintained and controlled by the defendants Connecticut Light and Power Company ("CLP") and Northeast Utilities Service Company ("NUSC").
The second count of the complaint alleged that plaintiffs' injuries and losses were the result of the defendants' "use of intrinsically dangerous means of transmitting and distributing electric current." That count was an attempt to allege, in part, a strict liability claim founded upon "an inherently dangerous or ultrahazardous activity claim." Memorandum of Decision, July 1, 1993, p. 4 (Stanley, J.). The defendants' motion to strike that count was granted for failure of the plaintiffs "to assert the statutory remedy as the basis for their product liability claim."Memorandum of Decision, p. 5.
Although the court's decision was based on the plaintiffs' attempt to "bring a common law cause of action for a claim within the scope of the [product liability] statute", Id., the court considered and thoroughly discussed Connecticut case law which has consistently refused "to impose strict liability on an electric utility company premised on an inherently dangerous or ultrahazardous activity claim." Id., p. 4.
The court went on to rule that "strict liability cannot be imposed based on inherently dangerous or ultrahazardous activity relative to the transmission of electrict (sic) current as alleged in this case." Id. In a footnote to its decision, the court stated:
 "Even if plaintiffs had correctly pled a product liability claim under § 52-572m, they would be unable to recover. See, Carbone v. Connecticut Light and Power Co., 40 Conn. Sup. 120, 482 A.2d 722 (1984); Citerella v. United Illuminating Company, supra, 607; Plourde v. Hartford Electric Light Co., supra, 192."
This court agrees with the reasoning and the decision stated by the court and, further, finds nothing in the second count of CT Page 5433-GG the amended complaint that would bring the allegations of that count within the statutory provisions for strict liability. Rather, the amended pleadings seem merely an attempt to avoid the reasoning and rulings made earlier. A trial court cannot permit itself to be placed in the position of overruling another trial court's rulings in the same action. Accordingly, the June 6, 1994 motion to strike the second count of the amended complaint is granted.
BY THE COURT
LEANDER C. GRAY, JUDGE